IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUAN ORTIZ, | : | |
| | : | |
|     Petitioner, | : | |
| | : | CIVIL ACTION NO.: |
| v. | : | |
| | : | |
| SUPERINTENDENT | : | 5:12-CV-1209 |
| DEBRA SAUERS, et al., | : | |
| | : | |
|     Respondents. | : | |

**MEMORANDUM**

**Judge C. Darnell Jones, II**                                               **March 19, 2014**

Pending before the court is the report and recommendation of Magistrate Judge M. Faith Angell, (Doc. No. 21), recommending dismissal of petitioner's amended 28 U.S.C. §2254 petition in its entirety. On June 18, 2013, petitioner filed timely objections to the report and recommendation, (Doc. No. 22), arguing that 1.) Judge Angell failed to provide petitioner notice of and an opportunity to respond to the issue of procedural default and 2.) Judge Angell misconstrued petitioner's ineffective assistance of counsel claims.[1] After a *de novo* review of those portions of the record to which petitioner objects, the court will **OVERRULE** the objections and **ADOPT** the report and recommendation. The petition will be **DENIED** and **DISMISSED** in its entirety. Because no reasonable jurist could find this ruling debatable, a certificate of appealability shall **NOT ISSUE**.

**STANDARD OF REVIEW**

---

[1]Petitioner also argued that Judge Angell failed to utilize a *de novo* standard in reviewing the PCRA record. However, because petitioner objects to the entire report and recommendation, this court must review the state court record *de novo* anyway. As such, petitioner's argument is moot.

When timely objections are filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report and recommendation to which objection is made. 28 U.S.C. §636(b)(1). If there are no objections to the report and recommendation or when reviewing those portions of the report and recommendation to which no objections are directed, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b), advisory committee notes; *see also Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1)(C). Alternatively, the district court "may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

## **DISCUSSION**

Petitioner first objects to the report and recommendation on the ground that Judge Angell did not give him notice of and an opportunity to respond to the issue of procedural default. (Doc. No. 22, at 2-4.) Procedural default is a principle of habeas review which requires a federal court to dismiss a petition if it was disposed of by a state court on adequate and independent state grounds. *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999). As the Third Circuit has stated, "If the final state court presented with a federal claim refuses to decide its merits based on an established state rule of law, independent of the federal claim and adequate to support the refusal, federal habeas review is foreclosed unless there is cause and prejudice or a showing of innocence." *Sistrunk v. Vaughn*, 96 F.3d 666, 673 (3d Cir. 1996). One example of adequate and independent state grounds for dismissal is waiver by failure to raise an issue before the court of original jurisdiction, here the PCRA court. *Catanch v. Larkins*, 98-CV-85, 1999 WL 529036, *7 (E.D.Pa. July 23, 1999); *see also*

Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

In her report and recommendation, Judge Angell addressed the issue of procedural default *sua sponte*, explaining that petitioner failed to bring his sufficiency-of-the-evidence claim to the attention of the PCRA court. (Doc. No. 21, at 18.) On appeal from the PCRA court, the Superior Court of Pennsylvania found:

> On appeal, [petitioner] now makes specific claims that force against the victim was not established to support the rape and indecent assault convictions and that there was no evidence that the victim was moved a substantial distance or confined for a substantial period to support the kidnaping conviction. Because these specific issues were not presented to the trial judge, they are waived. A concise statement which is too vague to allow a trial court to identify the issues raised on appeal is the functional equivalent of no concise statement, and the issues included therein are waived.

*Commonwealth v. Ortiz*, No. 1943 Middle District Appeal 2005, slip op. at 3-4 (Superior Court, December 1, 2006).

As Judge Angell points out, petitioner failed to raise his sufficiency-of-the-evidence claim during PCRA proceedings, and the Superior Court ruled that the claim was therefore waived, providing an adequate and independent state grounds for dismissal. Petitioner acknowledges that he waived his claim by not raising it to the PCRA court but argues that he should have been given a chance to brief the issue in order to establish "cause and prejudice to excuse the procedural default." (Doc. No. 22, at 3.) In support of his position, petitioner points to three circuit court opinions, one from the First Circuit, one from the Tenth Circuit, and one from the Ninth Circuit. *Oakes v. United States*, 400 F.3d 92, 98 (1st Cir. 2005); *Hardiman v. Reynolds*, 971 F.2d 500, 501 (10th Cir. 1992); *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998). Petitioner argues that

these decisions stand for the proposition that habeas petitioners, especially *pro se* habeas petitioners, should be given notice of and afforded an opportunity to submit briefing on the issue of cause and prejudice when a court is inclined to dismiss a petition *sua sponte* on procedural default grounds.[2]

It is true, as petitioner argues, that the First, Ninth, and Tenth Circuits require notice and an opportunity to be heard whenever a court raises the issue of procedural default *sua sponte*, but, as far as the court can tell, the Third Circuit has not yet adopted this position. Moreover, the court believes that petitioner's right to file objections to the Report and Recommendation afforded him an adequate opportunity to apprise the court of any "cause and prejudice" or "fundamental miscarriage of justice." *Young v. Clearfield County Commonwealth of Pleas*, 08-CV-5J, 2008 WL 1711099, *3 n. 2 (W.D.Pa. Feb. 26, 2008) (explaining that report and recommendation provided sufficient notice and objections to report and recommendation provided sufficient opportunity to be heard); *Hopkins v. Owners of West Coast Video*, 06-CV-718, 2007 WL 1469008, *5 (W.D.Pa. May 17, 2007) (same); *Kreider v. Pennsylvania*, 06-CV-2501, 2007 WL 1057005, *5 n. 5 (E.D.Pa. April 4, 2007) (same). In his objections, petitioner simply states:

> In summary, although the Magistrate [Judge] acted within the realm of her discretion in bringing up the issue of Petitioner's procedural default of Ground One sua sponte, Petitioner should have been given notice of the Magistrate[ Judges'] intention to do so and afforded a fair opportunity to respond. Certainly, had Petitioner been given such notice and opportunity, he would have presented facts, through a showing of direct appeal counsel's ineffectiveness, which support a finding of cause and prejudice to excuse the procedural default of issue.

(Doc. No. 22, at 3.)

Such a conclusory statement is insufficient to apprise the court of the circumstances

---

[2]Petitioner does not dispute that the court may raise the issue of procedural default *sua sponte*, only that the court must give notice and an opportunity to respond when the court does raise the issue. (Doc. No. 22, at 2.)

4

constituting "cause or prejudice." Therefore, the court will **ADOPT** the Report and Recommendation as to Ground I of the petition.

Petitioner next objects to the report and recommendation on the grounds that Judge Angell misconstrued his ineffective-assistance-of-counsel claims. (Doc. No. 22, at 4.) Looking to the Report and Recommendation, Judge Angell framed the issues as follows:

> Mr. Ortiz's next two claims allege that he was denied effective assistance of counsel. His second claim of the habeas petition states that during opening arguments, defense counsel stated that he would call upon Petitioner to testify in his own defense; however, he did not do so. The third claim asserts that defense counsel advised Petitioner not to testify without advising him of the adverse impact his failure to do so would likely have on the jury, in light of counsel's previous statement that he would be called upon to testify.

(Doc. No. 21, at 20.)

Contrary to Judge Angell's report and recommendation, petitioner argues, he did not merely allege that trial counsel was ineffective for failing to call him to the stand. (Doc. No. 22, at 5.) Instead, Mr. Ortiz argues that Ground II of the petition is more properly viewed as alleging that trial counsel did not let petitioner testify after repeatedly telling the jury that he would, the crucial nuance being that the inconsistency of these positions prejudiced petitioner's case. Moreover, petitioner also argues that Judge Angell misconstrued Ground III of his petition, which Judge Angell read as alleging that trial counsel failed to advise petitioner of the effect on the jury of not testifying. (Doc. No. 22, at 5.) The court believes that the report and recommendation accurately interprets the petition and that petitioner's arguments that Judge Angell misconstrued his claims are inaccurate. Nonetheless, even if Judge Angell did misconstrue petitioner's claims, the court will **DENY** and **DISMISS** Grounds II and III of the petition for the reasons explained below.

A review of the state court record indicates that Mr. Ortiz waived his ineffective-assistance-

of-counsel claim, even the nuanced claims he now elaborates, by failing to raise them in state court. A review of the state record shows that the PCRA court found that petitioner raised the following issues in his petition for collateral relief:

1. The Commonwealth violated Rule 600.

2. The sentence imposed was excessive.

3. Trial Counsel failed to object to the sentence imposed.

4. Trial Counsel failed to present mitigating evidence in favor of a lighter sentence.

5. Trial Counsel urged Petitioner to proceed at trial.

6. Trial Counsel never objected at trial to the manner in which the testimony of the victim was presented as if the incident occurred days prior when, in fact, the incident occurred some three years before.

7. Trial Counsel would not allow Petitioner to testify at trial.[3]

8. Trial Counsel turned on Petitioner when Petitioner admitted to Trial Counsel that Petitioner had engage in intimate relations with Petitioner's daughter.

9. Trial Counsel failed to communicate an offer of time served to 5 years to Petitioner.

10. The evidence was insufficient to convict Petitioner.

11. The verdict was against the weight of the evidence.

*Commonwealth v. Ortiz*, No. CP-06-CR-1124-2003, slip op. at 3 (C.C.P. Berks County, July 22, 2009) (citing No Merit Letter at 3).

After reviewing the PCRA petition, the court agrees with the PCRA court insofar as it framed the issues that petitioner raised in his request for collateral relief. On appeal from the PCRA

---

[3] The court notes that this claim is similar to the one that petitioner raises in his petition. He nevertheless insists that his ineffective-assistance-of-counsel claim is distinct, as explained above.

court, petitioner attempted to amend the claims in his PCRA petition by including the more nuanced ineffective-assistance-of-counsel argument which he presently brings to this court's attention. The PCRA court, in writing an opinion pursuant to Pa.R.A.P. 1925(a),[4] found that petitioner had waived these arguments by not addressing them in his PCRA petition. The court explained:

> As an initial matter, a number of these claims were not raised in Mr. Ortiz's PCRA petition. These include the alleged failure of trial counsel to investigate the incident and interview witnesses, the Commonwealth's notice of intent to bring forth evidence of other crimes and the alleged failure of trial counsel to object to this notice, and the alleged prejudicing of the jury by trial counsel's failure to call promised witnesses to the stand. Because these issues were not raised first in Mr. Ortiz's PCRA petition with the lower court, they are not appealable issues at the present time. Pa.R.App.P. 302(a). The remaining issues allege trial counsel's failure to communicate a favorable plea offer to Mr. Ortiz, a violation of Mr. Ortiz's speedy trial rights, and problems with his waiver of his right to take the stand in his own defense.

*Id.* at 5.

As noted above, waiver is an adequate and independent state ground for dismissal and, therefore, Grounds II and III of the petition are subject to procedural default.

Furthermore, the record belies petitioner's claim that his attorney was responsible for the decision not to testify. The record demonstrates that the PCRA judge read petitioner a colloquy that informed him of his right to take the stand. *Id.* at 7, n. 6. Immediately following the colloquy,

---

[4]Rule 1925(a)(1) provides:

> Except as otherwise prescribed by this rule, upon receipt of the notice of appeal, the judge who entered the order giving rise to the notice of appeal, if the reasons for the order do not already appear of record, shall forthwith file of record at least a brief opinion of the reasons for the order, or for the rulings or other errors complained of, or shall specify in writing the place in the record where such reasons may be found.

Pa.R.A.P. 1925(a)(1).

defense counsel asked petitioner, "It is your decision. Are you going to testify or not testify?" in response to which petitioner stated "No." *Id.* As such, the record demonstrates that it was petitioner's decision, not counsel's, to forgo testifying in his defense. Petitioner made this decision with full knowledge that trial counsel had already informed the jury that he would testify. Therefore, any prejudice to the jury was the result of petitioner's decision not to testify.

Furthermore, the record indicates that defense counsel – as well as the trial court – had a discussion with petitioner concerning the propriety of taking the stand and the effect it would have on the jury. When petitioner initially indicated that he would like to limit his testimony "only [to] what happened that day," the court informed him that the government would be permitted to impeach him regarding other sexual misconduct in petitioner's past. *Id.* at 10. The court is cognizant of petitioner's concern that his decision to waive his right to testify may have affected the jury, especially in light of counsel's opening statement, but the record demonstrates that it was petitioner's decision not to testify and that petitioner was advised by his counsel and the court as to the reasons why taking the stand would harm his case.

Finally, even assuming that the record supported petitioner's claims, the court agrees with the PCRA court that petitioner suffered no prejudice from his trial counsel's alleged indiscretions. The evidence in support of petitioner's conviction was overwhelming and included forensic evidence of semen found in petitioner's daughter's vagina as well as her testimonial account of the abduction and forced sexual intercourse. In light of this compelling evidence, petitioner has failed to meet his burden of demonstrating that counsel's conduct prejudiced his defense. *Chen v. U.S.*, 01-CR-787, 2005 WL 1869472, *2 (E.D.Pa. July 27, 2005) (petitioner carries burden of establishing ineffective assistance of counsel by preponderance of evidence). Therefore, court will **OVERRULE**

petitioner's objections and **ADOPT** the report and recommendation. The petition will be **DENIED** and **DISMISSED** in its entirety. Because no reasonable jurist could find this ruling debatable, a certificate of appealability will **NOT ISSUE**.

                                **BY THE COURT:**

                                **/s/ C. Darnell Jones, II   J.**

                                **C. DARNELL JONES, II   J.**